IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DERYL L. BAKER and SHERI L. BAKER, ) | |
| a/k/a SHERI JONES, ) | |
| Plaintiffs, ) | Case No. 3:12-cv-1222 |
| ) | Judge Trauger / Knowles |
| v. ) | |
| ) | |
| JP MORGAN CHASE BANK, N.A., et al., ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon the pro se Plaintiffs' Motion to Remand to State Court. Docket No. 12. Plaintiffs have filed a supporting Memorandum of Law, with Exhibits. Docket No. 13. Plaintiffs seek an Order remanding this matter to the "Chancery Court [for] Davidson County, Tennessee, for the twentieth Judicial District at Nashville, Tennessee." Docket No. 12. As grounds for their Motion, Plaintiffs primarily assert that "remand is warranted because defendants have failed to carry their burden of demonstrating that this Court has Supplemental Jurisdiction over plaintiffs State law claims." *Id.* Specifically, Plaintiffs argue that remand is appropriate because, "The State claims substantially predominates over claims which the district court has original jurisdiction, and they are so Not related to federal claims, and do not form any part of the same cause or controversy." Docket No. 13. Plaintiffs additionally contend that Defendants removed this action to federal court for the "improper purpose" of avoiding a default judgment, and Plaintiffs seek an award of costs and fees related to the filing of

1

the instant Motion. *Id*. Finally, Plaintiffs argue that not all Defendants joined in the Notice of Removal. *Id*.

Defendants JP Morgan Chase Bank, N.A., Merscorp, and Mortgage Electronic Registration Systems, Inc., (hereinafter the "Chase/MERS Defendants" or "Defendants") have filed a Response in Opposition to the Motion. Docket No. 16. Defendants argue that removal to this Court was proper because this Court has federal question jurisdiction over Plaintiffs' RICO and FDCPA claims, and because Plaintiffs' state law claims are so related to those federal claims that they form part of the same case or controversy and confer supplemental jurisdiction over them to this Court. *Id.* The Chase/MERS Defendants also argue that all Defendants did join in the Notice of Removal.

On or about October 19, 2012, Plaintiffs filed this action in the Chancery Court of Davidson County, Twentieth Judicial District of Tennessee (Case No. 12-1502-I). On or about November 26, 2012, Defendants removed this action to this Court on the basis of federal question jurisdiction.[1] On November 27, 2012, Judge Trauger entered an Order stating in part, "it appears that a federal question has been raised by the parties," and referring the case to the undersigned for scheduling and pretrial motions. Docket No. 4.

Removal from state to federal court is appropriate when a civil action is "brought in a state court of which the district courts of the United States have original jurisdiction." *See* 28 USC § 1441(a). United States district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 USC § 1331. This

---

[1] As will be discussed in greater detail below, the Notice of Removal was filed only by the Chase/MERS Defendants.

jurisdiction exists when a federal question is presented in a plaintiff's well-pled complaint. *See, e.g., Caterpillar Inc., v. Williams*, 482 US 386, 392 (1987). A plaintiff need only plead one claim arising under federal law for the entire action to be properly removed to federal court. 28 USC §§ 1441, 1441(c). In the case at bar, Plaintiffs' Complaint has raised federal claims of RICO and FDCPA. *See* Complaint, paras. 179-98 and 222-33.[2] Plaintiffs have raised at least one federal question; accordingly, this Court has original jurisdiction in this matter.

With regard to the issue of supplemental jurisdiction, 28 USC § 1367(a) states: "In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Claims form part of the same case or controversy when they "derive from a common nucleus of operative facts." *See, e.g., City of Chi. v. Int'l College of Surgeons*, 522 US 156, 164 (1997). In the instant action, all of Plaintiffs' claims "derive from a common nucleus of operative facts"; namely, Defendants' handling of Plaintiff Sheri Baker's mortgage. *See* the "Summary of Allegations" section in Plaintiffs' Complaint. While Plaintiffs assert numerous legal theories to support their various allegations, there is no escaping the fact

---

[2] In the instant Motion to Remand, Plaintiffs contend that their FDCPA claims were solely "directed to Non-removing Defendant Wilson & associates." Docket No. 13, p. 4. Plaintiffs argue in their supporting Memorandum that they never alleged that the FDCPA applied to the Defendants opposing remand because they are not debt collectors. *Id.* Plaintiffs' Motion to Remand and supporting Memorandum are silent on the issue of their federal RICO claims; rather they mention only violation of "Tennessee RICO civil proceedings TCA § 39-12-206." *Id., but see* Complaint, paras. 179-98. As will be discussed below, however, Defendant Wilson & Associates has consented to removal. Accordingly, Plaintiffs' contention that their FDCPA claims were directed solely to Wilson & Associates is insufficient to prevent remand to state court.

that everything relates to, derives from, and arises out of, actions connected to Defendants' handling of Plaintiff Sheri Baker's mortgage. Accordingly, this Court can choose to exercise its supplemental jurisdiction over Plaintiffs' state law claims.

Because all of Plaintiffs' claims "derive from a common nucleus of operative facts," judicial economy, convenience, and fairness weigh in favor of adjudicating all of Plaintiffs' claims in one action, properly removed to this Court.

In their Memorandum in support of the instant Motion, Plaintiffs have also raised the argument that, pursuant to 28 USC § 1446(b)(2)(A), all "properly joined and served" Defendants "must join in or consent to the removal . . . ." Docket No. 13, p. 6. Plaintiffs further argued, "Chase failed to show The remaining Defendants join in or consent to removal." *Id*. While Plaintiffs did not raise this argument in the Motion itself, the Court deems it appropriate to address it.

In response to this argument, the Chase/MERS Defendants stated in part:

> The Chase and Mers Defendants filed a Notice of Removal with this Court on November 26, 2012. *Defendant Shellie Wallace and Wilson & Associates, PLLC, filed a separate consent to removal with the Court on the same date.*

Docket No. 16, p. 2, n.1 (emphasis added).

In considering this apparent factual discrepancy, the Court determined that there was nothing in the Notice of Removal or in the record that would establish the consent of Shellie Wallace or Wilson & Associates (hereinafter the "Wilson Defendants"). The Court, therefore, entered an Order (Docket No. 20) requiring the Chase/MERS Defendants to explain their statement and to provide citations to the record to support their statement.

4

The Chase/MERS Defendants filed a Response to that Order. Docket No. 28. That Response states essentially that counsel for the Chase/MERS Defendants had communicated with counsel for the Wilson Defendants and obtained their consent to the removal prior to the filing of the Notice of Removal. Docket No. 28, p. 2. In fact, counsel attached a copy of the Wilson Defendants' consent to their Response to the Order. Docket No. 28-2. Counsel further explained that the Consent to Removal by the Wilson Defendants was "inadvertently left out of the filings made with this Court" on November 26, 2012. *Id.*

The Court further notes that the Wilson Defendants joined in Defendants' Response to the Court's Order and stated that they "affirm to the Court that they gave their consent to the removal to counsel for the Chase Defendants." *Id.,* n.1.

The Response and Exhibits thereto establish to the satisfaction of the Court that the Wilson Defendants did consent to removal in a timely fashion. *See* Docket Nos. 28-1, 28-2. But, while the consent of the Wilson Defendants had been obtained prior to the filing of the Notice of Removal, there was nothing in the record at the time of the filing of the Notice of Removal regarding the consent *vel non* of the Wilson Defendants.

The 30-day time limit for removal, however, is not jurisdictional. *In re The Uniroyal Goodrich Tire Co.,* 104 F.3d 322, 324 (11th Cir. 1997) ("The untimeliness of a removal is a procedural, instead of a jurisdictional, defect."); *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1212 (9th Cir. 1980) ("The statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional."). In *Hernadez v. Six Flags Magic Mountain, Inc.,* 688 F.Supp. 560, 563 (C.D. Calif. 1988), the Court held that a delay in the consent to removal by one of the defendants, which resulted from a good faith error on the part of defendants and from

which plaintiffs claimed no prejudice, was not a sufficient reason to remand the case to State Court.

In the case at bar, but for the inadvertence of counsel, the record would have been clear on November 26, 2012, that the Wilson Defendants did consent to the removal. Furthermore, Plaintiffs have not claimed any prejudice. Therefore, Plaintiffs' claim that the removal of this case was defective because not all Defendants consented lacks merit.

For the reasons discussed above, the undersigned recommends that Plaintiffs' Motion to Remand to State Court (Docket No. 12) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                  E. CLIFTON KNOWLES
                                                  United States Magistrate Judge