IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DERYL L. BAKER and SHERI L. BAKER, a/k/a SHERI JONES, Plaintiffs, v. JP MORGAN CHASE BANK, N.A., et al., Defendants. | Case No. 3:12-cv-01222 Judge Trauger / Knowles |

# REPORT AND RECOMMENDATION

This matter is before the Court upon "Defendants' Motion to Strike Plaintiffs'[1] [First] Amended Clarified Complaint." Docket No. 60.[2] Defendants argue that Plaintiff's "First Amended Clarified Complaint" (Docket No. 56) was improperly filed, as: (1) Plaintiff did not obtain leave of Court to file the document; (2) Plaintiff had already amended her Complaint once as a matter of course when she filed her "Clarified Complaint" (Docket No. 45); and (3) Defendants had already filed Motions to Dismiss Plaintiffs' Clarified Complaint when Plaintiff filed her "First Amended Clarified Complaint." Docket Nos. 60, 65.

Plaintiff has filed a Response, arguing that she is entitled to file the First Amended Clarified Complaint as a matter of right because the Motions to Dismiss the Clarified Complaint

---

[1] The original Plaintiffs in this action were Deryl Baker and Sheri Baker, husband and wife. Mr. Baker was terminated as a party in this action on October 29, 2013. *See* Docket Sheet. Accordingly, only one Plaintiff remains in this action: Sheri Baker, a/k/a Sheri Jones. *Id.*

[2] The instant Motion was brought by Defendants "JP Morgan Chase Bank, National Association, individually and as successor by merger to Chase Manhattan Mortgage Corp., and as successor by merger Chase Home Finance, LLC ("Chase), Mortgage Electronic Registration Systems Inc. and MERSCORP ("MERS")." *See* Docket No. 60. Defendants Shellie Wallace and Wilson & Associates, PLLC have joined in the instant Motion via the filing of a "Joinder in Motion to Strike Amended Clarified Complaint." Docket No. 61. Defendant Primary Residential Mortgage, Inc. is not a party to the instant Motion.

filed by different groupings of Defendants do not constitute responsive pleadings within the definition of the Federal Rules, such that leave of Court would be required to file her newly amended Complaint. Docket No. 64. Accordingly, Plaintiff argues that the filing of her First Amended Clarified Complaint was proper, and that the instant Motion should be denied. *Id.*

Defendants have filed a Reply, reiterating their position that Plaintiff's Clarified Complaint (Docket No. 45) constituted her one amendment as a matter of course, such that Plaintiff needed leave of Court to again amend her Complaint. Docket No. 65.

Motions to Amend are governed by Fed. R. Civ. P. 15. As an initial matter, Plaintiff's argument that Defendants' Motions to Dismiss do not constitute responsive pleadings may have been relevant under the prior version of Fed. R. Civ. P. 15, but it is not relevant to the existing version of that Rule. Under the existing Rule, after a party has amended once as a matter of course or more than twenty-one days have passed from the initial filing of the motion, a plaintiff "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

The record in the case at bar reflects that Plaintiff amended her Complaint once when she filed her Clarified Complaint (Docket No. 45) on September 20, 2013. Accordingly, Plaintiff needed to obtain leave of Court before filing her "First Amended Clarified Complaint" (Docket No. 56) on October 15, 2013. *See* Fed. R. Civ. P. 15(a)(2); *Elliott v. Fousas,* 867 F.2d 877, 882-83 (5th Cir. 1989)(Even though Plaintiff's prior amendment to her Complaint was not voluntary, but was at the court's direction, leave of court is required to amend again.).

Because Plaintiff did not obtain leave of Court, the instant Motion should be GRANTED, and Plaintiff's "First Amended Clarified Complaint" (Docket No. 56) should be STRICKEN.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge