UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DERYL L. BAKER and SHERI L. BAKER ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 3:12-cv-01222 |
| v. ) | Judge Aleta A. Trauger |
| ) | |
| JP MORGAN CHASE BANK, N.A., ET AL., ) | |
| ) | |
| Defendants, ) | |

## MEMORANDUM AND ORDER

In an April 30, 2014 Report and Recommendation (Docket No. 96) ("4/30/14 R&R"), Magistrate Judge Knowles recommended that the court grant the defendants' Motion to Strike the plaintiffs' First Amended Clarified Complaint (Docket No. 60). In a May 6, 2014 Report & Recommendation (Docket No. 100) ("5/6/14 R&R"), the Magistrate Judge recommends that the court grant the defendants' Rule 12(b)(6) Motions to Dismiss the Clarified Complaint (Docket Nos. 52, 54, and 58), to which the plaintiff had not responded. The plaintiff has filed timely Objections to both motions (Docket Nos. 103 and 104), to which the defendants have filed Responses in opposition (Docket Nos. 105-107).

## BACKGROUND

After multiple defendants moved for a more definite statement of the plaintiff's Complaint under Rule 12(e) (Docket Nos. 10 and 17), the Magistrate Judge granted the motions and ordered the plaintiff to file a "clarified Complaint." (Docket No. 35 at p. 3.) In compliance with that Order, the plaintiff filed a "Clarified Complaint." (Docket No. 45.) After two defendants filed motions to dismiss the Clarified Complaint under Rule 12(b)(6) (Docket Nos. 52 and 54) – and one day before defendant Primary Residential Mortgage, Inc. ("PRM") moved to

1

dismiss the Clarified Complaint (Docket No. 58) – the plaintiff filed a First Amended Clarified Complaint ("FACC") (Docket No. 56) without leave of court. Defendants J.P. Morgan Chase Bank, N.A. ("Chase"), Merscorp, and MERS filed a Motion to Strike the FACC under Rule 12(f) (Docket No. 60), which defendants Shellie Wallace and Wilson & Associates LLC (collectively, "W&A") joined (Docket No. 61). By contrast, PRM filed a Motion to Dismiss the FACC (Docket No. 62), to which the plaintiff responded in a "Motion in opposition" with a supporting legal brief (Docket No. 66 and 67).[1] The defendants' motions under Rule 12(b)(6) and 12(f) are fully briefed.

The plaintiff's Objections do not address the merits of the Magistrate Judge's findings concerning the substance of the plaintiff's claims. Therefore the Magistrate Judge's substantive recommendations are unchallenged. As to the plaintiff's two non-substantive objections, the court finds both to be without merit.

## ANALYSIS

### I.     The Magistrate Judge Had Authority to Address the Rule 12(b)(6) Motions

The plaintiff is incorrect that the Magistrate Judge lacks authority to make a report and recommendation concerning the defendants' Rule 12(b)(6) motions. Both the underlying statute and the Federal Rules of Civil Procedure authorize the Magistrate Judge to make a report and recommendation concerning the defendants' Rule 12(b)(6) motions. *See* 28 U.S.C. § 636(b)(1)(A) and (B); Rule 72(b), F.R.C.P.

### II.    The Magistrate Judge's Rule 12(f) Ruling Was Not Clearly Erroneous

---

[1] This document was not in fact a "motion," although it was entered as one on the docket. As a housekeeping matter, the court will order the clerk to term that docket entry.

The plaintiff contends that the Magistrate Judge erred in recommending that the court deny the defendants' Rule 12(f) motions to strike the FACC because the plaintiffs' FACC was not an "amended pleading" for purposes of Rule 15(a). When reviewing a magistrate judge's nondispositive ruling, the court applies a "clearly erroneous or contrary to law" standard of review. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

The court will uphold the Magistrate Judge's recommendation for several reasons. First, the plaintiff did not raise this argument to the Magistrate Judge, even though the motions were pending for nearly six months. The plaintiff therefore waived the right to assert this argument for the first time in the context of her objections. Second, the Magistrate Judge relied on relevant legal authority from the defendants, which the plaintiff did not controvert, that a pleading filed in response to a court order pursuant to Rule 12(e) constitutes an "amended pleading" filed "as a matter of right" for purposes of Rule 15(a). Because the Magistrate Judge relied on uncontroverted legal authority (from the Fifth Circuit and from a trusted treatise) on an issue that appears to be one of first impression within the Sixth Circuit, the court finds that the Magistrate Judge's decision was not "clearly erroneous" or "contrary to law."[2] Finally, as explained herein, even if the court were to consider the FACC, the plaintiffs' claims as set forth in the FACC would have failed for essentially the same reasons as those set forth in the Clarified Complaint.

---

[2] If the court had addressed the interaction between Rule 12(e) and Rule 15(a) in the first instance, the court may have reached a different conclusion than did the Magistrate Judge on this particular (and peculiar) legal issue. However, the court's review of the Magistrate Judge's non-dispositive ruling is highly deferential, particularly where the plaintiff did not raise this argument to the Magistrate Judge in the first place. Therefore, the court's conclusion that the Magistrate Judge's findings concerning the Rule 12(f) motions were not "clearly erroneous" should not be construed as a prediction of how, if a non-moving party were to raise a timely and legally supported objection to a similar motion, the court would decide this legal issue in the first instance.

### III. Substance of the Magistrate Judge's Rule 12(b)(6) Findings[3]

The court agrees with the Magistrate Judge's unchallenged recommendations that (1) the claims under 42 U.S.C. § 1981, 42 U.S.C. § 1982, and the Fourteenth Amendment are plainly without merit; (2) Tennessee does not recognize the plaintiff's claim for "recoupment,"; (3) the usury claim must fail because the interest rate charged was not usurious;[4] and (4) the plaintiff lacks standing to enforce the referenced Consent Order.

With respect to the FDCPA claims against Chase, MERS, and PRM, the Magistrate Judge found that those entities are not "debt collectors" under the FDPCA. As an initial matter, the Magistrate Judge incorrectly stated that attempts to foreclose on a mortgage do not constitute "debt collection" activity; recently, the Sixth Circuit expressly held the opposite. *Glazer v. Chase Hom Fin. LLC*, 704 F.3d 453 (6th Cir. 2013).[5] Nevertheless, the Magistrate Judge correctly concluded that these entities do not qualify as "debt collectors" under 15 U.S.C. 1692a(6), which exempts from its coverage "any person collecting or attempting to collect any debt . . . to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor." Here, MERS executed and recorded

---

[3] Having concluded that the Magistrate Judge's recommendation to grant the defendants' Rule 12(f) motions was not clearly erroneous, the court need not address the merits of the Magistrate Judge's findings regarding the substance of the plaintiffs' claims, which the plaintiff has not challenged in her Objections and did not challenge before the Magistrate Judge in the first instance. However, the court briefly addresses the merits of the 5/6/14 R&R in this section for two reasons: (1) to correct one misstatement of law (albeit a harmless one) by the Magistrate Judge and (2) in the interest of completeness.

[4] The plaintiffs' FACC would have omitted the usury claim.

[5] The court has identified this misstatement of law *sua sponte*.

releases of the Deeds of Trust at issue in November and December 2008, just after the plaintiff took out the loan and well before defaulting on the debt incurred. Therefore, MERS is not a "debt collector" under the circumstances presented. *See McLaughlin v. Chase Home Fin. LLC*, 519 F. App'x 904, 908-909 (6th Cir 2013). Also, PRM was the secured party in the original loan agreements with the plaintiff, meaning that it is not a "debt collector" under 15 U.S.C. § 1692a either.[6] Finally, Chase was assigned the Note before the plaintiff defaulted on her debt and, therefore, was a "creditor" of the plaintiff. Therefore, under the circumstances presented here, Chase is not a "debt collector" under the statute either.[7] Therefore, subject to the legal clarification noted herein, the court agrees with the Magistrate Judge's findings and his recommendation that the FDCPA claims against MERS, Chase, and PRM must fail. Finally, even if it were appropriate for the court to consider them, the FACC allegations could not, and do not, change this conclusion.

With respect to the FDCPA claim against W&A, the plaintiff does not dispute that the Notice of Trustee Sale contained information about the debt that fulfilled the requirements of 15 U.S.C. § 1692g, thereby precluding her from pursuing W&A. Furthermore, the plaintiff does not dispute that W&A had no duty to investigate the underlying merits of the lender's request to

---

[6] The FDCPA does not apply to "creditors," who are defined to include "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating debt collection of such debt for another." 15 U.S.C. § 1692a(4).

[7] *See Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355 (6th Cir. 2012) ("For an entity that did not originate the debt in question but acquired it and attempts to collect on it, that entity is either a creditor or a debt collector depending on the default status of the debt at the time it was collected."); *Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003) ("A creditor is not a debt collector for purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts.")

conduct a foreclosure sale. Therefore, even if the court were to consider them, the FACC allegations could not have cured, and did not cure, these uncontroverted deficiencies.

Finally, the court agrees that the statute of limitations precludes the plaintiff from recovering under the FDCPA for any activity that occurred before October 19, 2011, which appears to encompass most of the timeline of events set forth in the Complaint.

This leaves only the breach of contract claim against PRM and the RICO claims against all defendants. As the Magistrate Judge correctly found – based on documents that were attached to the Clarified Complaint, incorporated by reference, or constitute public records over which the court may take judicial notice – the record conclusively demonstrates that PRM performed under its contract with the plaintiff.[8] Even if the court were to consider them, the FACC allegations do not cure this fatal deficiency in the plaintiff's breach of contract claim against PRM.[9] As to the RICO claims, the FACC would have added two allegations that provide dates and times for allegedly fraudulent activity by Chase, apparently in an effort to cure the plaintiff's failure to plead the RICO allegations with particularity in the Clarified Complaint. Although these allegations may have been a step in the right direction, they would not have cured the Rule 9(b) deficiencies in the plaintiff's RICO allegations, which do not coherently explain the relationship among the alleged conspirators or the relationship between the alleged acts of fraud and the nature of the conspiracy.

---

[8] As PRM has pointed out, it appears that the plaintiff has fundamentally misconstrued the nature and mechanics of her refinancing arrangement with PRM. The funds from the refinancing were to be used to pay off the plaintiff's previous loans – which is exactly what happened.

[9] To the extent the plaintiff alleges that PRM's use of a warehouse lender constituted a breach of contract, the Sixth Circuit has implicitly rejected that theory as a basis for a breach of contract claim. *See Union Planters Bank, N.A. v. Continental Casualty Co.*, 478 F.3d 759 (6th Cir. 2007).

## **CONCLUSION**

For the reasons stated herein, the plaintiff's Objections are **OVERRULED** and, subject to the clarifications set forth herein, the Magistrate Judge's 4/30/14 R&R and 5/6/14 R&R' are hereby **ACCEPTED** and made the findings of fact and conclusions of this court. The Clerk is directed to term all pending motions on the docket. The plaintiff's claims are hereby **DISMISSED**. Entry of this Order shall constitute judgment in the case.

It is so **ORDERED**.

Enter this 9th day of June 2014.

_____
ALETA A. TRAUGER
United States District Judge